# McRae *v.* Harmon.

*Trespass for Wrongful Levy on Stock of Goods.*

1. *Cause submitted on an agreed statement of facts, which are not shown by the record.*—Where a cause is submitted to the trial court for decision on an agreed statement of facts, and a judgment is rendered thereon, this court, on appeal, will not consider questions raised on the rulings of the trial court, on the pleadings, where such an agreed statement of facts are not set out in the record ; but, will presume that it contained everything necessary to sustain the judgment of that court.

APPEAL from Bullock Circuit Court.
Tried before the Hon. J. M. CARMICHAEL.

This was an action of trespass brought by the appellee, John F. Harmon against the sheriff C. M. McRae, of Bullock county, and Nathan Griel, Jacob Griel and Leopold Schloss, who gave him an indemnifying bond, to recover damages for the wrongful levy upon the goods of the plaintiff by said sheriff, who was acting under the authority of a writ of attachment held by him in favor of Griel Bros., against Harmon Bros.

The defendants pleaded (1.) the general issue; (2.) justi-

fication under legal process; and (3. and 4.) special pleas, that prior to the suing out and levy of the attachment by Griel Bros., the same stock of goods had been levied upon by an attachment in favor of Pollak & Co., against Harmon Bros. and sold under said prior attachment; that plaintiff had brought suit against said Pollak & Co. therefor, and recovered a large sum for damages, which had been fully paid, since the commencement of this suit. Numerous grounds of demurrer were interposed to this special plea, (3), and the plea (2), of justification under legal process, unnecessary, under the decision in this court, to set out. The judgment entry recites, that the cause was submitted for decision to the court, by consent of both parties, "on an agreed statement of facts which is filed, and made a part of the record," and that after argument by counsel, it was considered by the court that the plaintiff was entitled to recover his costs of the defendants. The record in this court does not contain any statement of facts, but only the pleadings in the Circuit Court.

NORMAN & SON, for appellants.

CABANISS & WEAKLEY, and THOS. H. WATTS, for appellee.

HARALSON, J.—This is an action of trespass for damages for the wrongful taking of goods and chattels alleged to be the property of the plaintiff below, John Harmon,—the appellee here,—against appellants, the defendants in the lower court.

The defendants filed four pleas, "in short, by consent," as was stated in the caption to the pleas: 1st. The general issue, 2nd. Justification under legal process; 3rd and 4th, special pleas drawn out at length.

The plaintiff took issue on the first plea, and demurred to the 2nd and 3rd, assigning separate grounds of demurrer to each, which were sustained. So far as is shown, the court made no ruling to the demurrer to the 4th plea. The error assigned is for "the rendition of judgment on the demurrer in favor of appellee." It is made sufficiently to appear, that the only amount involved in this litigation is the costs of the suit. After the commencement of the action, and before issue joined, trial and judgment, the plaintiff was paid a sum of money, which it appears he took in satisfaction of his damages.

After a recital of the judgment of the court, sustaining the demurrers to said 2nd and 3rd pleas, the judgment en-

try continues: "And thereupon, the said case by consent of both parties was submitted to the decision of the court, on an agreed statement of facts, which is filed and made a part of the record; and after argument by each of the parties, it is considered and adjudged, that the plaintiff is entitled to recover of the defendants, and it is ordered and adjudged, that plaintiff recover the costs in this case, for which let execution issue against defendants."

As the agreed statement of facts on which the case was tried, is not set out in the record, we are to presume it contained every thing necessary to sustain the judgment which the court rendered, and it becomes unnecessary, therefore, to consider the questions raised on the ruling of the court on the pleadings.—3 Brick. Dig. p. 406, §§ 40, 43.

Affirmed.